UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **EDWARD L. CHEATHAM, LARRY GIST, WILLIAM HOLT, AND JAMES TEEPLES, ON BEHALF OF THEMSELVES AND ALL OTHER PERSONS SIMILARLY SITUATED,** | Case No. 1:11-cv-0006<br><br>**Judge Sharp** |
| Plaintiffs, | |
| vs. | |
| **THE R.C.A. RUBBER COMPANY OF AMERICA [sic],** *et al.*, | |
| Defendants. | |

## ORDER AND FINAL JUDGMENT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 58

This matter came on for a final hearing on February 9, 2015, on the proposed settlement (the "Settlement") of the claims of Plaintiffs on behalf of themselves and the Class against the Defendants (the "Claims") in this class action. The issues having been duly heard,

**IT IS HEREBY ORDERED AND ADJUDGED:**

1. To the extent not otherwise defined herein, all capitalized terms shall have the same meaning as used in the Settlement Agreement (the "Agreement").

2. The Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including all members of the Plaintiff Class and all Defendants.

3. The Court hereby **APPROVES** and **CONFIRMS** the Settlement embodied in the Agreement as being a fair, reasonable, and adequate settlement and compromise of the Claims, and **ORDERS** that the Agreement shall be herewith effective, binding, and enforced according to its terms and conditions. Among the factors considered by the Court in concluding that the

Settlement is fair, reasonable, and adequate are the following **FINDINGS**: (1) that cases involving retiree health claims represent an unsettled and developing area of the law; (2) that Defendants have asserted numerous substantive defenses; (3) that the Settlement removes the risks, delay, and costs to the Plaintiff Class associated with continued litigation and delivers assured benefits to the Class; (4) that no member of the Class has objected to the Settlement; and, (5) that counsel for the Class and for Defendants, each of whom is well-experienced in Labor Management Relations Act ("LMRA") and the Employee Retirement Income Security Action of 1974, as amended ("ERISA") litigation and class action matters, has represented to the Court their respective beliefs that the Settlement is fair, reasonable and adequate.

4. The Court **FINDS** that the Settlement has been negotiated vigorously and at arms-length between Defendants and their counsel and Plaintiffs and their counsel on behalf of themselves and the Plaintiff Class. The Court further **FINDS** that, at all times, the Plaintiffs have acted independently and that their interests are identical to the interests of the Plaintiff Class. The Court **HOLDS** that the Settlement is a fair, adequate and reasonable resolution of the Plaintiffs' claims on behalf of the Plan and the Class against the Defendants.

5. The Court further **FINDS** that the form and manner of delivery of the Notice directed hereby and in the Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all members of the Class.

6. The Court **FINDS** that the Notice transmitted to the Plaintiff Class, pursuant to the Preliminary Approval Order [Doc. 221] concerning the Settlement and the other matters set forth therein, is the best notice practicable under the circumstances and included individual notice to all members of the Plaintiff Class who could be identified through reasonable efforts.

7. The Court **HOLDS** that the Notice provides valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the Settlement described in the Agreement, to all persons entitled to such notice, and that the Notice has fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

8. The Court, upon joint motion of the Parties, hereby **AMENDS** the certification of the class to include:

> Former employees of Defendant Pulaski Rubber Company ("Pulaski") who both were represented by the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, or predecessor unions (collectively the "Union") in collective bargaining and retired from Pulaski having met the requirements for retiree health care benefits specified in the collectively bargained agreement in place at the time of the former employee's retirement, as well as their eligible dependents, spouses and surviving spouses who met (and who as of October 31, 2010, were continuing to meet) the eligibility requirements for such benefits, and whose retiree health care benefits were terminated effective November 1, 2010, subject to COBRA continuation.

9. The Court **APPROVES** the maintenance of this Action pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(2). Specifically, the Court **FINDS** that: (a) the number of members of the Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the named Plaintiffs are typical of the claims of the Class; (d) the named Plaintiff fairly and adequately represents the interests of the Class; and, (e) Defendants have acted or refused to act on grounds generally applicable to the Class.

10. The Court hereby **DISMISSES** the Complaint against the Defendants with prejudice on the merits, and without taxation of costs in favor of or against any Party.

11. As of the date of Final Approval of Settlement, the Plaintiffs and each member of the Class on their own behalf and on behalf of their respective heirs, executors, administrators,

3

past and present partners, officers, directors, agents, attorneys, predecessors, and assigns, shall have released each and all of the Released Persons from the Released Claims.

12. Plaintiffs, the Class Members and Defendants are hereby permanently **BARRED** and **ENJOINED** from instituting or prosecuting, either directly or indirectly, any action in any court against any Defendants, their Related Parties, Defendants' Counsel, any member of the Settlement Class, or Class Counsel based on Defendants assigning the note and making the payments required by the Agreement as part of the Settlement.

13. The Court hereby **DECREES** that none of the Agreement, the Settlement or this Order and Final Judgment is an admission or concession by any of the Defendants of any liability or wrongdoing.

14. The Court **RETAINS** jurisdiction for purposes of implementing the Agreement and the Settlement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

15. This Court, pursuant to Federal Rule of Civil Procedure 58, **ENTERS** final judgment on the claims of the Plaintiffs against Defendants and on the Settlement that resolved those claims as approved by the Court.

**SO ORDERED** this 9th day of February, 2015.

_____
Judge, United States District Court for the Middle District of Tennessee